Richard K. Grosboll, State Bar No. 99729
Lois H. Chang, State Bar No. 278146
NEYHART, ANDERSON, FLYNN & GROSBOLL APC
369 Pine Street, Suite 800
San Francisco, CA 94104
Tel. (415) 677-9440
Fax (415) 677-9445
Email: rgrosboll@neyhartlaw.com
       Lchang@neyhartlaw.com

**Attorneys for Plaintiffs**

Louis J. Anapolsky, State Bar No. 88485
David P.E. Burkett, State Bar No. 241896
KNOX, LEMMON & ANAPOLSKY, LLP
2339 Gold Meadow Way, Ste. 205
Gold River, CA 95670
Tel: (916) 498-9911
Fax: (916) 498-9991
E-mail: lanapolsky@klalawfirm.com
        dburkett@klalawfirm.com

**Attorneys for Defendant**

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### (Oakland Division)

| | |
|---|---|
| BOARD OF TRUSTEES OF THE BRICKLAYERS AND ALLIED CRAFTWORKERS LOCAL NO. 3, et. al.<br><br>Plaintiffs,<br><br>v.<br><br>SW MERTZ MASONRY SPECIALISTS, INC., a California Corporation;<br><br>Defendant. | Case No.  20-cv-06925-YGR<br><br>**STIPULATION TO DISMISS CONTINGENT ON PAYMENT & [Proposed] CONTINGENT ORDER OF DISMISSAL**<br><br>Courtroom:   1 – 4th Floor<br>Location:    1301 Clay Street<br>             Oakland, California 94612<br><br>Judge:      Hon. Yvonne Gonzalez Rogers |

NEYHART,
ANDERSON,
FLYNN &
GROSBOLL

-1-
**Stipulation for Contingent Order of Dismissal & [Proposed] Contingent Order of Dismissal**
**Case No. 20-cv-6925-YGR**

# STIPULATION TO DISMISS CONTINGENT ON PAYMENT ORDER

IT IS HEREBY STIPULATED AND AGREED by and between the parties to this action, through their respective attorneys:

1. The parties have reached agreement to settle this case under the terms and conditions specified in the Settlement Agreement, attached hereto as **Exhibit A**.

2. The settlement involves payment of consideration in two installment payments over a two month period.

3. If the settlement payments are not made in a timely fashion or if the Settlement Agreement is otherwise breached, the parties agree that Plaintiffs may reopen the matter at any time if Plaintiffs certify to the Court that the consideration has not been paid or other terms and conditions of the Settlement Agreement have not been complied with.

**IT IS SO STIPULATED.**

Respectfully Submitted,

Dated: November 30, 2020          NEYHART, ANDERSON, FLYNN & GROSBOLL APC

By:   /s/ Lois H. Chang
Lois H. Chang
Attorneys for Plaintiffs

Dated: November 30, 2020          KNOX, LEMMON & ANAPOLSKY, LLP

By:   /s/ Louis J. Anapolsky
Louis J. Anapolsky
Attorneys for Defendant

NEYHART,
ANDERSON,
FLYNN &
GROSBOLL

-2-
**Stipulation for Contingent Order of Dismissal & [Proposed] Contingent Order of Dismissal**
Case No. 20-cv-6925-YGR

# ~~[Proposed]~~ ORDER OF DISMISSAL CONTINGENT ON PAYMENT

~~[PROPOSED]~~ **ORDER:**

The parties hereto have agreed to a settlement of this action. **IT IS HEREBY ORDERED** that this action and all claims asserted herein by Plaintiffs against Defendant, is dismissed without prejudice, each party to bear any costs and attorneys' fees other than the amounts already paid pursuant to the Settlement Agreement. However, if any party hereto shall certify to this Court, with proof of service of copy thereon on the Defendant or its counsel that the agreed consideration for the settlement has not been paid, the foregoing Order shall vacated by this Court and this action shall forthwith be restored to the calendar.

**IT IS SO ORDERED.**

Dated: December 10, 2020

_____
Yvonne Gonzalez Rogers
United States District Judge

| Exhibit | A |

## SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

This Settlement Agreement and Release of Claims ("Settlement Agreement" and/or "Agreement") is made and entered into on November 13th, 2020 (the "Effective Date"), by and between Plaintiffs BRICKLAYERS AND ALLIED CRAFTWORKS LOCAL NO. 3 HEALTH AND WELFARE TRUST, BRICKLAYERS LOCAL NO. 3 PENSION TRUST, BRICKLAYERS AND ALLIED CRAFTS LOCAL NO. 3 APPRENTICE TRAINING TRUST and DAVE JACKSON, as Trustee of the aforementioned Trust Funds (hereinafter collectively referred to as "TRUST FUNDS") and Defendant SW MERTZ MASONRY SPECIALISTS, INC., a California Corporation (hereinafter referred to as "SW MERTZ"). TRUST FUNDS and SW MERTZ are individually referred to herein as a "Party" and collectively as the "Parties."

### RECITALS

A.  On October 5, 2020, TRUST FUNDS filed the action entitled *BRICKLAYERS AND ALLIED CRAFTWORKS LOCAL NO. 3 HEALTH AND WELFARE TRUST, BRICKLAYERS LOCAL NO. 3 PENSION TRUST, BRICKLAYERS AND ALLIED CRAFTS LOCAL NO. 3 APPRENTICE TRAINING TRUST and DAVE JACKSON, as Trustee of the above v. SW MERTZ MASONRY SPECIALISTS, INC., a California Corporation*, United States District Court, Northern District of California, Case No. CV-20-6925 (the "Action" and/or "Lawsuit").

B.  In the Lawsuit, TRUST FUNDS contend that, as a result of an audit of the payroll records of SW MERTZ for the period of January 1, 2012 through December 31, 2014 ("Audit Period One"), amounts of money are due from SW MERTZ to TRUST FUNDS for unpaid contributions, late-paid contributions, liquidated damages, interest and attorneys' fees. TRUST FUNDS also contend that for the periods May 2015 through November 2015, February 2016 through June 2016, September 2016 and February 2017 ("Audit Period Two"), amounts of money are due from SW MERTZ to TRUST FUNDS for unpaid contributions, late-paid contributions, liquidated damages, interest and attorneys' fees.

C.  SW MERTZ denies that the amounts claimed to be owed to TRUST FUNDS in the Lawsuit for Audit Period One and Audit Period Two are owed to TRUST FUNDS.

D.  TRUST FUNDS and SW MERTZ desire to compromise, settle, and release the claims TRUST FUNDS have against SW MERTZ as set forth in the Lawsuit as further described herein.

NOW, THEREFORE, in consideration of the mutual covenants, conditions and promises hereinafter set forth, TRUST FUNDS and SW MERTZ hereto agree as follows:

### AGREEMENT

1.  **COMPROMISE OF AMOUNT DUE PURSUANT TO THE CLAIMS IN THE LAWSUIT.** Pursuant to the claims in the Lawsuit, TRUST FUNDS claim that SW MERTZ owes at least $24,363.62 arising from the payroll audits for Audit Period One and Audit Period Two for outstanding unpaid contributions, liquidated damages, interest and attorneys' fees. In compromise and settlement of the claims in the Lawsuit, TRUST FUNDS agree to accept payment of $12,681 as outlined below.

2. **TERMS OF PAYMENT.** The payment of the $12,681 settlement amount from SW MERTZ to TRUST FUNDS shall occur in accordance with the following installment payment schedule:

   (i) **Two Payments.** SW MERTZ agrees to pay the following amounts by check or electronic remittance, outlined below until the balance has been paid in full.

       (a) **Initial Payment.** The first payment of $6,000 is to be received no later than November 15, 2020; and

       (b) **Second Payment.** The second final payment of $6,681 is to be received no later than December 15, 2020.

   (ii) **Failure to Make Timely Payments.** Failure to timely make both installment payments shall mean that the total amount $12,681, less any payments received by TRUST FUNDS, is immediately due and payable upon written request by the legal counsel for the TRUST FUNDS, unless the TRUST FUNDS have agreed to an extension of time for payment. Payments shall be made payable to the "B.A.C. Local 3 Trust Funds" and sent to the following address:

       B.A.C. Local 3 Trust Funds
       ATTN: Desiree Eaton
       7180 Koll Center Parkway, Suite #200
       Pleasanton, California 94566

3. **RELEASE OF CLAIMS.** TRUST FUNDS hereby forever releases and discharges SW MERTZ and its heirs, executors, administrators, trustees, predecessors, successors, assigns, principals, agents, servants, employees, employers, directors, officers, shareholders, owners, and attorneys in fact or at law, and each and all of them, from any and all actions, causes of action, judgments, defaults, liens, obligations, indebtedness, damages, losses, lawsuits, arbitrations, appeals, attorneys' fees, costs, claims, liabilities, indemnifications, debts, guarantees, demands, and rights, of whatsoever kind or character, fixed or contingent, suspected or unsuspected, known or unknown or speculative, which TRUST FUNDS had, now have, or may hereafter have, against SW MERTZ, arising from or related to the actions, causes of action, claims, liabilities, indemnifications and rights alleged in the Lawsuit against SW MERTZ, by reason of any act, omission, event, contract, or transaction arising out of or related to the Lawsuit.

   The release of claims provided hereunder shall only apply to Audit Period One and Audit Period Two. This Settlement Agreement does not cover periods of time or delinquencies other than those specifically referenced herein. Moreover, if as a result of any additional payroll audits or by other means the TRUST FUNDS learn that SW MERTZ owes additional amounts for periods other than Audit Period One or Audit Period Two, this Settlement Agreement does not prevent recovery of such additional amounts.

4. **SUBSEQUENT EVENTS.** It is expressly understood and acknowledged by each of the settling Parties hereto that the facts relating to the subjects addressed herein may turn out to be different from or other than the facts now known or believed by the undersigned to be true, and each of the settling Parties expressly assumes the risk that the facts now known may be subsequently learned to be other than or different from what is now known. Each of the settling Parties hereto agrees that this Agreement shall be in all respects effective and not subject to termination, modification, or rescission by reason of any difference in such facts.

5. **NON-ADMISSION OF LIABILITY.** TRUST FUNDS and SW MERTZ have negotiated a settlement of all matters between them, arising out of or related to the Lawsuit. In settling the Lawsuit, no such liability is admitted by either TRUST FUNDS or SW MERTZ.

6. **DISMISSAL; NOTICE OF CONTINGENT DISMISSAL UPON PAYMENT.** Upon payment of the settlement amount of $12,681 in full, TRUST FUNDS agree to file a dismissal with prejudice of the Lawsuit. In the interim, upon receipt and clearance of the first payment referenced in paragraph 2 of this Agreement, TRUST FUNDS and SW MERTZ agree to file a Stipulation for Contingent Dismissal in Civil Case No. 20-CV-6925.

7. **TIMELY PAYMENT OF REGULAR EMPLOYER TRANSMITTALS & CONTRIBUTIONS.** While payment of the settlement amount of $12,681 remains outstanding, SW MERTZ further agrees to submit timely monthly employer transmittals for any hours worked along with contributions for said hours, if applicable, in accordance with the applicable collective bargaining agreements during the payment periods. If there are no hours owing for a particular month, SW MERTZ will submit an employer transmittal indicating no hours are being reported for that month to the Trust Fund Office.

8. **NO PENALTY FOR EARLY PAYMENT.** There is no penalty for early payments. SW MERTZ is encouraged to pay the full amount as soon as possible.

9. **ENFORCEMENT OF AGREEMENT; ATTORNEYS' FEES AND COSTS.** The Parties agree that in the event any Party commences proceedings to enforce any of the provisions of this Agreement, the prevailing party shall be entitled to receive all costs and expenses, including reasonable attorneys' fees, of such proceedings as determined by the Court having jurisdiction of such proceeding.

10. **BINDING ON SUCCESSORS AND OTHERS.** This Agreement shall be binding upon the Parties hereto and upon their heirs, administrators, representatives, executors, successors, and assigns, and shall inure to the benefit of said Parties, and each of them, and to their heirs, administrators, representatives, executors, successors and assigns.

11. **GOVERNING LAW.** The terms and conditions of this Agreement shall be interpreted and construed in accordance with the laws of the State of California and, to the extent applicable, by the Employee Retirement Income Security Act, as amended ("ERISA"). If any term or condition of this Agreement is determined to be invalid, the remainder of the provisions shall remain in full force and effect.

12. **AGREEMENT JOINTLY DRAFTED.** This Agreement and each of its provisions have been jointly drafted by counsel for each Party; neither Party shall be deemed to have been the drafting party.

13. **AGREEMENT FREELY ENTERED INTO.** The Parties represent and agree that this Agreement, and the releases contained in this Agreement, have been given voluntarily and free from duress or undue influence on the part of any person released by this Agreement, or by any third party.

14. **COUNTERPARTS.** This Agreement may be executed in counterparts. A facsimile or PDF copy shall be treated with the same force as an original.

**IN WITNESS WHEREOF,** the Parties hereto have caused the Settlement Agreement to be executed on the above Effective Date.

Dated: 11/23/2020

BOARD OF TRUSTEES OF THE BRICKLAYERS AND ALLIED CRAFTWORKERS LOCAL NO. 3, et al.

By: _____
Gary Pfeifer, Trustee

Dated: 11/13/20

SW MERTZ MASONRY SPECIALISTS, INC., a California Corporation

By: _____
Stanley Mertz, President